1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLA C. ALFARO BRITTANY,              No.  2:25-cv-00778-DAD-JDP (PS)

12                     Plaintiff,

13          v.                                 ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS, DENYING
14   YOLO COUNTY POLICE                         PLAINTIFF'S MOTION TO PROCEED *IN*
     DEPARTMENT, et al.,                        *FORMA PAUPERIS*, AND DIRECTING
15                                             PLAINTIFF TO PAY FILING FEE

16                     Defendants.             (Doc. Nos. 2, 3)

17

18          Plaintiff Michella C. Alfaro Brittany proceeds *pro se* in this civil rights action.  The matter

19   was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

20   Rule 302.

21          On March 13, 2025, the assigned magistrate judge issued findings and recommendations

22   recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be denied

23   because plaintiff's application did not establish that she was unable to pay the required filing fee

24   in full on account of her poverty.  (Doc. No. 3.)  The magistrate judge found that the application

25   in support of plaintiff's motion indicated that plaintiff earns a monthly gross income of $25,000,

26   /////

27   /////

28   /////

                                               1

has $65,000 in her checking account, and has no listed debt.[1]  (Doc. Nos. 2 at 1–2; 3 at 2.)  The magistrate judge concluded that, on this showing, plaintiff had failed to demonstrate that she has "insufficient assets to pay the filing fee and costs and provide the necessities of life to herself and her dependents."  (Doc. No. 3 at 2); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("The IFP statute does not define what constitutes insufficient assets.  As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. . . . Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness[,] and certainty.") (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) and *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Those pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at 2.)  To date, no objections to the pending findings and recommendations have been filed and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1.    The findings and recommendations issued on March 13, 2025 (Doc. No. 3) are adopted in full;

2.    Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;

3.    Within twenty-one (21) days from the date of service of this order, plaintiff shall pay the $405.00 filing fee in full in order to proceed with this action; and

/////

/////

---

[1]  The undersigned observes that plaintiff indicates in her application that she does have a "housing mortgage payment" and "loan payments" but does not indicate the amount of those debts or the amount of her monthly payment on the balances due.  (Doc. No. 2 at 2.)

4.    This matter is referred back to the assigned magistrate judge for further

proceedings.

IT IS SO ORDERED.

Dated:    **May 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3